IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-256-CR





ROBERT D. JACKSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0940886, HONORABLE MIKE LYNCH, JUDGE PRESIDING



 





PER CURIAM

 The district court found appellant guilty of delivering a simulated controlled
substance. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 482.002, 1989 Tex.
Gen. Laws 2230, 2952 (Tex. Health & Safety Code Ann. § 482.002, since amended). The
punishment, enhanced by two previous felony convictions, is imprisonment for thirty years. In
his only point of error, appellant contends the evidence is legally insufficient to sustain the
conviction because there is a break in the chain of custody of the contraband.

 Austin police officer Derek Galloway testified that, while working undercover on
January 22, 1994, he purchased from appellant a substance appellant represented to be -- and the
officer believed at the time to be -- crack cocaine. Galloway placed the suspect substance in a
plastic evidence bag, wrote his name and the offense number on the bag, and placed the bag in
the police department's narcotics safe. Galloway identified State's exhibit one as the bag
containing the substance sold to him by appellant.

 Ralph Owen, a chemist employed by the Austin Police Department, testified that
State's exhibit one was delivered to him on January 24, 1994, by Austin police officer Patti
Robinson. Owen testified that his tests of the substance in the bag were negative for a controlled
substance.

 Appellant relies on the general rule that in the absence of any showing of
tampering, a break in the chain of custody of an item of physical evidence affects the weight of
the evidence and not its admissibility. See Stoker v. State, 788 S.W.2d 1, 10 (Tex. Crim. App.
1989); Bird v. State, 692 S.W.2d 65, 70 (Tex. Crim. App. 1985). Appellant argues that there
is a break in the chain of custody of the contraband in this cause because Robinson did not testify,
and that this break so weakens the State's proof as to render the evidence legally insufficient. The
absence of Robinson's testimony is not critical, however, because the testimony of Galloway and
Owen is sufficient to establish that the substance tested was the substance appellant sold to the
officer. Viewed in the light most favorable to the State, a rational trier of fact could have found
each element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d
155 (Tex. Crim. App. 1981). The point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd;

 Chief Justice Carroll Not Participating

Affirmed

Filed: November 9, 1994

Do Not Publish